**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ABDUNIR A. EDIN,** | : | |
| **Petitioner,** | : | **CIVIL ACTION NO. 3:26-2081** |
| **v.** | : | **(JUDGE MANNION)** |
| **CRAIG LOWE, *et al.*,** | : | |
| **Respondents.** | : | |

**MEMORANDUM**

Pending before the Court is Abdunir A. Edin's ("Petitioner") petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, (**Doc. 1**). For the reasons stated herein, the petition will be **DENIED WITHOUT PREJUDICE.**

## I. BACKGROUND

Petitioner is a citizen and native of Ethiopia. (Doc. 10-2 at 4). Petitioner entered the United States near Calexico, California on February 27, 2022. *Id.* at 5. He was processed for expedited removal and claimed a fear of returning to Ethiopia. *Id.* He was served a Notice to Appear ("NTA") before an immigration judge ("IJ"). *Id.*; (Doc. 10-3). On April 8, 2022, Petitioner was released from custody and placed on an order of recognizance. (Doc. 10-2 at 5-6).

On April 4, 2025, the New Cumberland (Pennsylvania) Police Department charged Petitioner with driving under the influence of alcohol. *Id.*

The charge remains pending. (Doc. 10-7). Once Petitioner was charged, the York Fugitive Operations Strike Team learned that he was scheduled to appear at the Cumberland County Courthouse on May 23, 2025, for his preliminary hearing. *Id.* At that time, ICE detained Petitioner and took him into custody.

On October 28, 2025, IJ Steven Connelly found Petitioner inadmissible pursuant to the Immigration and Nationality Act ("INA") §212(a)(6)(A)(i) and §212(a)(7)(A)(i)(I). (Doc. 10-4). Judge Connelly denied Petitioner's request for withholding of removal under INA §241(b)(3) and the Convention Against Torture ("CAT"), and for deferral of removal under the CAT. *Id.* at 2. Judge Connelly ordered Petitioner removed to Ethiopia. *Id.* at 4. On November 27, 2025, Petitioner appealed from Judge Connelly's Order. (Doc. 10-6). According to Petitioner, the appeal remains pending. (Doc. 1 at 5).

Petitioner was originally detained at the Moshannon Valley Processing Center located in the Western District of Pennsylvania. (Doc. 10-2 at 6). While detained in the Western District, Petitioner filed his first petition for a writ of habeas corpus, which was granted by the Honorable Joy Flowers Conti to the extent it requested a bond hearing before an IJ. (Doc. 10-8). In accordance with Judge Conti's Order, IJ Adam Panopaulos conducted the

hearing and denied bond, finding that Petitioner was a "[d]anger to the community and in the alternative, [a] flight risk." (Doc. 10-5).

On June 2, 2026, Petitioner was transferred to the Pike County Correctional Facility, which is located in the Middle District of Pennsylvania. (Doc. 2 at 4). On July 24, 2026, Petitioner filed the instant petition for a writ of habeas corpus, which challenges his detention and Judge Panopaulos's bond determination. (Doc. 1). On August 18, 2026, Respondents filed a response to the petition. (Doc. 10). Petitioner did not file a traverse. Accordingly, this matter is ripe for disposition.

## II. LEGAL STANDARD

Under 28 U.S.C. §2241, district courts have the authority to grant writs of habeas corpus when a petitioner is "in custody under or by color of the authority of the United States . . . in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2241(c)(1), (3).

Furthermore, "[i]t is well established that a federal habeas corpus petitioner generally has the burden of proving facts entitling him to a discharge from custody." *Goins v. Brierley*, 464 F.2d 947, 949 (3d Cir. 1972). However, "[w]ith respect to certain factual issues, the burden of proof may be shifted to the state because of specific policy considerations or because the available evidence is likely to be in the hands of the state." *Id.*

"While reviewing a noncitizen's habeas petition, courts evaluate whether the [G]overnment complied with regulatory, statutory, and constitutional protections for noncitizens." *Diarra v. Immigrations and Customs Enforcement, et al.*, 3:26-CV-1885, 2026 WL 2268287, at *1 (M.D.Pa. Aug. 6, 2026) (internal citations omitted). "A court may order a bond hearing or release if the Court determines that a noncitizen habeas petitioner is entitled to such relief under relevant constitutional or statutory protections." *Id.* "For 'core habeas petitions,' 'jurisdiction lies in only one district: the district of confinement.'" *Diarra*, 2026 WL 2268287, at *1 (quoting *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025)).

## III. DISCUSSION

Petitioner alleges that his continued detention violates his Fifth Amendment due process rights and that his previous request for bond was "denied by the [IJ] based on the claim by DHS that [he is] a flight risk without explaining due reasons[.]" (Doc. 1). When considering Petitioner's previous petition, Judge Conti evaluated whether the Government may subject Petitioner to mandatory detention under 8 U.S.C. §1225(b), determined that it could not, and found that Petitioner could only be detained pursuant to 8 U.S.C. §1226(a). (Doc. 10-8). Judge Conti further found that because

Petitioner could only be detained pursuant to 8 U.S.C. §1226(a), he was entitled to a bond hearing and ordered one. (Doc. 10-8).

The fact that Judge Conti ordered a bond hearing and that Petitioner received a bond hearing limits the Court's ability to provide further relief. *Diarra*, 2026 WL 2268287, at *2-3. Petitioners detained after residing in the United States for an extended period and not subject to a final order of removal generally have two potential remedies. First, when an alien is detained under §1226(a), they are still entitled to a bond hearing where they can argue why they should be released from detention pending a final order of removal. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021); *see also Borbot v. Warden Hudson County Correctional Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018). This was the general basis of Judge Conti's Order. (Doc. 10-8).

Second, petitioners subject to a nonfinal order of removal may also challenge the length of their detention based on the factors articulated by Third Circuit in *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 211 (3d Cir. 2020). *Diarra*, 2026 WL 2268287, at *3. The remedy under *German Santos* is often the Court ordering an individualized bond hearing in which an IJ determines whether release on bond is

warranted based on a flight risk or danger to the community. *Id.* (internal citations omitted).

Judge Conti already ordered a bond hearing, and at that hearing, Judge Panopaulos denied bond because Petitioner was a "[d]anger to the community and in the alternative, [a] flight risk." (Doc. 10-5). Individuals detained under §1226(a) are entitled to a bond hearing but not entitled to a second bond hearing after their first has been denied. *Borbot*, 906 F.3d at 277-80; *see also Gonzalez Melendez v. Mullin*, No. 3:26CV1490, 2026 WL 1990444, at *2 (M.D.Pa. July 9, 2026) (denying a petition for release when the petitioner already received the bond hearing he was entitled to and did not allege a "constitutional defect in the bond hearing he received"); *see also Frantz C. v. Shanahan*, No. CV 18-2043, 2018 WL 3302998, at *2 (D.N.J. July 5, 2018) (stating that "[a] petitioner who has already received a bond hearing may therefore only challenge the denial of release on bond by showing that the bond hearing he received was not bona fide–i.e., that it was somehow improperly conducted in violation of Due Process or some other binding legal authority[.]").

Petitioner does not seem to challenge the constitutionality of how Judge Panopaulos conducted his bond hearing; if anything, Petitioner challenges its outcome. (Docs. 1, 2). Pursuant to 8 U.S.C. §1226(e), this

Court is without jurisdiction to review the mere denial of bond. ("The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review."). Absent any indication otherwise, the Court assumes that the Judge Panopaulos complied with the law in an impartial and legally proper manner.

Moreover, to the extent Petitioner claims that his detention has become unreasonably prolonged and violates due process, Petitioner has already been provided the process that is due. *See Kamara v. Lowe*, 4:26-CV-1669, 2026 WL 2547281, at *1 (M.D.Pa. Aug. 28, 2026). Accordingly, the Court cannot grant Petitioner any further relief at this time. *See Borbot*, 906 F.3d at 277-80; *see also Gonzalez Melendez*, 2026 WL 1990444, at *2.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. §2241 will be **DENIED WITHOUT PREJUDICE**. An appropriate Order shall be issued.

**MALACHY E. MANNION**
**United States District Judge**

**DATE:** 9/17/26
26-2081-01